# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1539 | **DATE** | 4-11-08 |
| **CASE TITLE** | Reginald Brewer (#2007-0062617) v. Joseph Macellaio | | |

**DOCKET ENTRY TEXT**

Plaintiff Reginald Brewer's motion for leave to file his complaint *in forma pauperis* [3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a valid federal claim. The case is terminated. The court authorizes the trust fund officer at Cook County Jail to deduct $10.00 from plaintiff's account and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The dismissal of plaintiff's complaint counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]        Docketing to mail notices.

## STATEMENT

    Plaintiff, Reginald Brewer (2007-0062617), currently confined at the Cook County Jail, has filed a complaint in this court against Joseph Macellaio, plaintiff's private attorney in his pending criminal proceedings. Plaintiff alleges that his attorney did not adequately challenge the identification and did not do his job in other ways. Plaintiff requests that money paid to his attorney be returned.

    The court finds that plaintiff is unable to prepay the filing fee. The court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $10.00. The court authorizes the supervisor of inmate trust accounts at the Cook County Jail o collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County Jail trust account office shall notify correctional authorities of any outstanding balance owed pursuant to this order in the event plaintiff is transferred to another facility.
(CONTINUED)

| | Courtroom Deputy Initials: | ISK |
|---|---|---|

## STATEMENT

Although plaintiff may proceed *in forma pauperis*, his complaint fails to raise a claim actionable in this court. Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint and dismiss the complaint, if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, even accepting plaintiff's factual allegations as true and liberally construing his pro se complaint, the court finds that the complaint fails to state a valid federal claim for relief. Plaintiff alleges that his attorney in his criminal case is ineffective. Even if plaintiff's allegations are true, this court can discern no basis for these claims in federal court at this time. To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" for purposes of a civil rights suit. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Furthermore, this court may interfere with a pending state criminal case only if there are special circumstances and only after the plaintiff has exhausted his state court remedies. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). Although plaintiff may argue ineffective assistance of counsel in his criminal proceedings and in a federal habeas petition after raising the claim in state courts, such a claim is neither the basis of a federal civil rights suit, nor appropriate at this time.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted by this court. The dismissal of this case does not comment on the merits of plaintiff's claims, should he bring the claims in state court or later in this court in a habeas proceeding.

The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must submit a motion setting forth not only his financial ability to pay but also setting forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).